IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| TIMOTHY ZACHARIAH SANTIAGO, | ) ) ) |
| Plaintiff, | ) Civil Action No. 7:23cv00281 ) ) |
| v. | ) **MEMORANDUM OPINION** ) |
| LYNCHBURG POLICE DEPARTMENT, | ) By:  Hon. Thomas T. Cullen ) United States District Judge ) |
| Defendant. | ) ) |

Plaintiff Timothy Zachariah Santiago, a Virginia inmate proceeding *pro se*, brings this civil action under 42 U.S.C. § 1983 against the Lynchburg Police Department ("LPD"), alleging a violation of his First Amendment rights. The LPD has filed a motion to dismiss, and the matter is ripe for disposition. Having reviewed the pleadings, the court will grant the LPD's motion.

I.

Santiago alleges that in December 2022, he "began commenting" on the LPD's Facebook page. (Compl. at 1 [ECF No. 1].) Santiago states that his comments were "in protest to" the LPD continuing to employ a particular police officer. (*Id.*) After "several weeks of posting the comments," Santiago claims that the LPD "blocked [him] on Facebook and Instagram." (*Id.* at 2.) Santiago argues that the LPD was "attempt[ing] to silence him" and "suppress his views." (*Id.*) Santiago does not describe the content of his posts on the LPD's Facebook page, and he does not assert that he ever interacted with the LPD's Instagram account.

As relief, Santiago seeks $15, an order compelling the LPD to "cease the censorship," and punitive damages.

## II.

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of a complaint to determine whether the plaintiff has properly stated a claim; "it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992). In considering a Rule 12(b)(6) motion, a court must accept all factual allegations in the complaint as true and must draw all reasonable inferences in favor of the plaintiff. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Legal conclusions in the guise of factual allegations, however, are not entitled to a presumption of truth. *Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009).

Although a complaint "does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations and quotations omitted). "Factual allegations must be enough to raise a right to relief above the speculative level," with all the allegations in the complaint taken as true and all reasonable inferences drawn in the plaintiff's favor. *Id.*; *see Chao v. Rivendell Woods, Inc.*, 415 F.3d 342, 346 (4th Cir. 2005). Rule 12(b)(6) does "not require heightened fact pleading of specifics, but only enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. Consequently, "only a complaint that states a plausible claim for relief survives a motion to dismiss." *Iqbal*, 556 U.S. at 679 (citing *Twombly*, 550 U.S. at 556). A claim is plausible if the complaint contains "factual content that allows the

- 2 -

court to draw the reasonable inference that the defendant is liable for the misconduct alleged," and if there is "more than a sheer possibility that a defendant has acted unlawfully." *Id.* at 678.

To allow for the development of a potentially meritorious claim, federal courts have an obligation to construe *pro se* pleadings liberally. *See, e.g., Boag v. MacDougall*, 454 U.S. 364, 365 (1982). Moreover, "liberal construction of the pleadings is particularly appropriate where . . . there is a *pro se* complaint raising civil rights issues." *Loe v. Armistead*, 582 F.2d 1291, 1295 (4th Cir. 1978); *see also Smith v. Smith*, 589 F.3d 736, 738 (4th Cir. 2009). Nevertheless, "[p]rinciples requiring generous construction of *pro se* complaints are not . . . without limits." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985). "A *pro se* plaintiff still must allege facts that state a cause of action." *Scarborough v. Frederick Cnty. Sch. Bd.*, 517 F. Supp. 3d 569, 575 (W.D. Va. Feb. 8, 2021) (quoting *Bracey v. Buchanan*, 55 F. Supp. 2d 416, 421 (E.D. Va. 1999)).

## III.

Santiago names only the LPD as a defendant in his complaint. But the LPD is not a "person" subject to suit under § 1983, and it is not an entity subject to suit under state law. Accordingly, Santiago's complaint fails to state a cognizable § 1983 claim against the LPD. Moreover, his allegations fail to state a viable municipal liability claim. Therefore, the court will grant the LPD's motion to dismiss Santiago's complaint.

Section 1983 permits an aggrieved party to file a civil action against a "person" acting "under color of state law" for actions that violated his constitutional or federal rights. *Cooper v. Sheehan*, 735 F.3d 153, 158 (4th Cir. 2013); 42 U.S.C. § 1983. The capacity of a governmental body to be sued in federal court is governed by the law of the state where the federal district court sits. Fed. R. Civ. P. 17(b)(3); *Avery v. Burke*, 660 F.2d 111, 113−14 (4th Cir. 1981).

The LPD is an operating division of the City of Lynchburg ("the City") under Va. Code § 15.2-1107. Therefore, in Virginia, police departments are not persons amenable to suit under § 1983. *Lester v. Nimmo*, No. 7:23cv39, 2023 U.S. Dist. LEXIS 56551, *4 (W.D. Va. Mar. 31, 2023) (holding that the police department was not a proper defendant because it did not "have the capacity to be sued separately from" the municipality); *Shipway v. Jerlinski*, No. 5:11cv112, 2012 U.S. Dist. LEXIS 65720 at *20 (W.D. Va. Apr. 13, 2012) (holding that the Harrisonburg Police Department was an operating division of Harrisonburg and "not a 'person' within the meaning of 42 U.S.C. § 1983"); *Thompson v. City of Danville*, No. 4:10cv12, 2011 U.S. Dist. LEXIS 59698 at *14 (W.D. Va. June 3, 2011) ("Local police and sheriff's departments in Virginia are '*non suis juris*,' meaning they simply do not have the capacity to be sued."); *Muniz v. Fairfax Cnty. Police Dep't*, No. 1:05cv466, 2005 U.S. Dist. LEXIS 48176 at *4−5 (E.D. Va. Aug. 2, 2005) (holding that the "Fairfax County Police Department has no legal existence separate and apart from Fairfax County, and the Code of Virginia does not provide that it can be sued as a separate entity"); *see also Barksdale v. Piedmont Reg'l Jail*, No. 3:15cv201, 2015 U.S. Dist. LEXIS 152636, at *5 (E.D. Va. Nov. 10, 2015) (noting that "[n]either inanimate objects such as buildings, facilities, and grounds nor collective terms such as staff or agency, are persons amenable to suit under § 1983"). Because the LPD has no legal existence separate and apart from the City and is not an entity capable of being sued under § 1983, Santiago cannot maintain this action against the LPD.

Municipalities, however, are considered "persons" for purposes of § 1983 and may be held liable under § 1983 in certain situations. *Moody v. City of Newport News*, 93 F. Supp. 3d 516, 529 (2015). But even if the court were to consider Santiago's complaint as against the City,

Santiago's vague and conclusory allegations fail to establish a viable municipal-liability claim. A local government entity cannot be held liable under § 1983 for injuries inflicted solely by its employees or agents. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978). Local governments are only liable for their own illegal acts. *Id.* Accordingly, to impose liability on a governmental entity, a plaintiff must establish the existence of an official policy or custom that caused the constitutional deprivations. *Id.*

An official policy refers to formal rules or understandings that establish "fixed plans of action to be followed under similar circumstances consistently and over time." *Semple v. City of Moundsville*, 195 F.3d 708, 712 (4th Cir. 1999). Such policies "must be contrasted with episodic exercises of discretion in the operational details of government." *Id.* (internal citations omitted). A governmental entity can create official policy by making a single decision in response to particular circumstances. *Id.* Municipal liability attaches for a single decision, however, "only when the decision maker is the municipality's governing body, a municipal agency, or an official possessing final authority to create official policy." *Id.* (internal citations omitted).

A municipal custom may arise only if a practice is "persistent and widespread," and "permanent and well settled." *Carter v. Morris*, 164 F.3d 215, 218 (4th Cir. 1999). A custom may be attributed to a municipality when the duration and frequency of the unconstitutional practices warrant a finding of either actual or constructive knowledge by the locality that the practices have become customary among its employees. *Spell v. McDaniel*, 824 F.2d 1380, 1387 (4th Cir. 1987). But a policy or custom will not "be inferred merely from municipal inaction in the face of isolated constitutional deprivations by municipal employees." *Milligan v. City of*

*Newport News*, 743 F.2d 227, 230 (4th Cir. 1984). To state a claim for municipal liability, a plaintiff must allege facts, beyond those surrounding his own injury, that reference actual events demonstrating a policy or custom that was the "moving force" behind the violation at issue. *Id.* at 230–31; *Lanford v. Prince George's Cnty.*, 199 F. Supp. 2d 297, 305 (D. Md. Apr. 26, 2002); *see United Black Firefighters v. Hirst*, 604 F.2d 844, 847 (4th Cir. 1979) (finding the § 1983 claim against the fire department was properly dismissed because the "conclusory allegations of discrimination were not supported by any reference to particular acts, practices or policies of the Fire Department").

Santiago's complaint lacks the requisite factual specificity to trigger a plausible theory of municipal liability against the City. Santiago alleges that in December of 2022 he began commenting on the LPD Facebook page and that his comments were in protest to the LPD continuing to employ a particular officer. After several weeks of posting comments, he alleges the LPD blocked him on Facebook and Instagram. Santiago does not allege that he was blocked because of an official policy or that he was blocked by someone possessing final authority to create an official policy. He also does not allege that the City had any knowledge of any customary practice by its employees to block persons interacting with the LPD's social media. Finally, he does not describe facts demonstrating that a policy or custom was the moving force behind him being blocked from the LPD's social media, in the first instance. Accordingly, the court concludes that Santiago's current complaint fails to state a cognizable municipal liability claim.

## IV.

In his response to the LPD's motion to dismiss, Santiago asserts that "at trial, [he] can prove th[at] the injury caused is a widespread issue. . . ." and that he had "no other option but to [name the LPD as defendant un]til[] a true name can be ascertained and added to th[e] complaint." (ECF No. 31 at 1.) Santiago also filed a motion to amend his complaint to add "Unknown/John Doe" as a defendant and asserts that this unknown defendant is an employee of the LPD and "is accused of all the same actions and claims" as the LPD was in his original complaint. (*See* ECF No. 35.) Upon consideration of Santiago's motion to amend and his statements in his response in opposition to the motion to dismiss, the court will give Santiago the opportunity to file an amended complaint. Due to Santiago's attempts to construct his complaint piecemeal, the court will deny his pending motion to amend without prejudice and allow him the opportunity to file an amended complaint in 21 days. The amended complaint must be a new pleading that stands by itself without reference to a complaint, attachments, documents, or amendments already filed. The amended complaint must clearly state the name of each defendant and clearly explain how each defendant violated Santiago's federal rights. The amended complaint must conform to the joinder rules and Rules 8 and 10, which require "a short and plain statement of the claim showing that the pleader is entitled to relief" to be set out in numbered paragraphs, each limited to a single set of circumstances. The amended complaint shall replace his original complaint and all amendments and shall constitute the sole complaint in this action.

## V.

For the reasons discussed, the court will grant the LPD's motion to dismiss Santiago's current complaint and give Santiago the opportunity to file an amended complaint. If no amended complaint is filed, this action will be dismissed.

The Clerk is directed to send copies of this Memorandum Opinion and the accompanying Order to the parties.

**ENTERED** this 12th day of February, 2024.

*/s/ Thomas T. Cullen*
HON. THOMAS T. CULLEN
UNITED STATES DISTRICT JUDGE